**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**LAURIE A. TODD,**

            **Appellant,**

            **v.**

**ENDURANCE AMERICAN
INSURANCE COMPANY,**[1]

            **Appellee.**
_____

**1:20-cv-49
(GLS)**

## SUMMARY ORDER

Appellant pro se Laurie A. Todd appeals from an order of Bankruptcy Court (Littlefield, J.), entered December 23, 2019, which granted in part and denied in part Todd's motion to disallow, reduce, or expunge appellee Endurance American Insurance Company's claim, (Dkt. No. 1). Pending is nonparty Chapter 7 Trustee's motion to dismiss the appeal as untimely. (Dkt. No. 2.) For the reasons that follow, the matter is remanded to Bankruptcy Court.

First, it is important to note that Chapter 7 Trustee was mistakenly included as an appellee in this matter. Upon review of the order on appeal,

---

[1] The Clerk is directed to remove Chapter 7 Trustee and appellant Laurie A. Todd's former counsel, Francis J. Brennan, as appellees on the docket. As the order appealed from reflects, the only parties involved in the underlying proceeding are Todd and appellee Endurance American Insurance Company. (Dkt. No. 1 at 4.)

(Dkt. No. 1 at 4-13), the proper parties to the appeal are Todd and Endurance only.  Before this error was detected by the court, Chapter 7 Trustee filed a motion to dismiss the appeal as untimely.  (Dkt. No. 2.)  Naturally, a nonparty generally has no right to file a motion.  In any case, the timeliness of Todd's appeal has been put in issue and would have been raised on the court's own motion if not by Chapter 7 Trustee.

With that background and as applicable here, "a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed."  Fed. R. Bankr. P. 8002(a)(1).  "The 14-day time limit prescribed by Rule 8002(a) . . . 'is jurisdictional, and . . . in the absence of a timely notice of appeal in the district court, the district court is without jurisdiction to consider the appeal, regardless of whether the appellant can demonstrate excusable neglect.'"  *Swiatkowski v. Citimortgage Inc.*, 478 F. App'x 704, 704-05 (2d Cir. 2012) (quoting *Siemon v. Emigrant Savings Bank (In re Siemon)*, 421 F.3d 167, 169 (2d Cir.2005)) (some internal quotation marks omitted).

Here, the order appealed from was entered on December 23, 2019.  (Dkt. No. 1 at 4-13.)  Eighteen days later, on January 10, 2020, the notice of appeal was filed with Bankruptcy Court.  (Dkt. No. 1 at 1-3.)  As the

2

Bankruptcy Court Clerk's certificate of noncompliance indicates, no extension of time to appeal has been granted by Bankruptcy Court. (Dkt. No. 1, Attach. 1.) Todd's notice of appeal is not timely.

Todd, who concedes her untimeliness,[2] offers some reasons why her failure to timely appeal should be excused, apparently in an effort to obtain an extension of time within which to appeal pursuant to Rule 8002(d)(1): (1) she was not notified of Bankruptcy Court's Order until December 24, 2019, which impinged her ability to obtain counsel during the holidays; (2) she currently resides in Florida and is assisting her son, who underwent surgery; (3) Bankruptcy Court was closed on December 24 and 25, and 31, 2019 and January 1, 2020; and (4) she advised staff in the Clerk's Office that the "first available flight . . . to travel back to New York and enter the Appeal was January 10, 2020." (Dkt. No. 4 at 1-2.)

As applicable here, a party may seek an extension of time under Rule 8002(d)(1) from "the bankruptcy court" provided that the party moves "within 21 days after [the time to appeal expires], if the party shows excusable neglect." The burden of establishing excusable neglect rests

---

[2] Despite her concession, Todd's calculation that her "appeal[] w[as] entered fifteen days after" entry of Bankruptcy Court's Order, (Dkt. No. 4 at 1), is plainly mistaken. Indeed, Todd admits, and the underlying documents demonstrate, that the Order was entered December 23, 2019, and her notice of appeal was filed on January 10, 2020. (*Id.*; Dkt. No. 1.)

with the party seeking the extension, *see In re Marra*, 330 B.R. 341, 344 (Bankr. D. Conn. 2005), and requires the court's consideration of the following factors: "(1) the danger of prejudice to the [non-movant]; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith." *In re AMR Corp.*, 566 B.R. 657, 664 (S.D.N.Y. 2017) (internal quotation marks and citations omitted).

As set forth above, Todd did not timely file her notice of appeal, but she did seek an extension of time to appeal within twenty-one days of the expiration of her time to appeal, rendering her eligible for an extension, provided she can meet her burden of demonstrating excusable neglect. (Dkt. Nos. 1, 4.) Todd's request, which was also filed with Bankruptcy Court, (Dkt. No. 482, No. 15-11083-1-rel), must be addressed by Bankruptcy Court in the first instance, and this appeal is remanded for the limited purpose of determining whether Todd has established excusable neglect within the meaning of Rule 8002(d)(1), and, concomitantly, whether the time to appeal should be extended. Upon Bankruptcy Court's resolution of Todd's Rule 8002(d)(1) motion, the parties shall promptly

notify the court.

Accordingly, it is hereby

**ORDERED** that the Clerk is directed to remove Chapter 7 Trustee and Francis J. Brennan as appellees on the docket; and it is further

**ORDERED** that Chapter 7 Trustee's motion to dismiss (Dkt. No. 2) is **DENIED** as improperly filed by a non-party; and it is further

**ORDERED** that this matter is **REMANDED** to Bankruptcy Court for the limited purpose of determining whether Todd has established excusable neglect within the meaning of Rule 8002(d)(1), and, concomitantly, whether the time to appeal should be extended; and it is further

**ORDERED** that, upon Bankruptcy Court's resolution of Todd's Rule 8002(d)(1) motion, the parties shall promptly notify the court; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties and Bankruptcy Court.

**IT IS SO ORDERED.**

March 24, 2020
Albany, New York

_Gary L. Sharpe_
Gary L. Sharpe
U.S. District Judge